### ELECTUS B. LITCHFIELD *versus* LEMUEL DYER.

If an officer of an insurance company transfers a promissory note in violation of law, whether the maker, (the company or its creditors interposing no claim to the note,) can plead such illegal transfer in defence, unless he is a creditor of the company, — *quære.*

But if the payor of such a note is himself a creditor of the company, he may contest the legality of such transfer, in order to avail himself, by way of set-off, of the existing equities between himself and the company.

REPORTED by APPLETON, J., October Term, 1857.

THIS was an action of *Assumpsit*, upon a promissory note, by an indorsee, against the maker. The defence was, that it was indorsed and transferred by the Secretary of the Atlas Insurance Company, (a corporation formerly doing business in the State of New York,) in violation of the laws of that State.

It was denied by the defendant that Tracy, who indorsed the note, was secretary of the company; or, if he was, that he had any authority to make the indorsement. But it is unnecessary to report the testimony or the arguments upon the points, as the case turned upon the *legality* of the transfer under the statutes of New York.

Upon this point the facts sufficiently appear in the opinion of the Court, which was drawn up by

HATHAWAY, J.— The plaintiff was a director in the Atlas Mutual Insurance Company, in New York, a corporation created by the laws of that State, to which company, the de-

fendant, in New York, October 3, 1855, gave a premium note payable to the order of the company, in twelve months after date, upon which this action was brought by the plaintiff, as indorsee.

The company being "somewhat embarrassed," October 19, 1855, obtained a loan of eighteen thousand dollars, and assigned to the plaintiff, as collateral security for that loan, and for previous indebtedness, the note in suit, and other securities, the whole amount of which was twenty-one thousand nine hundred and eighty-eight dollars and twenty-four cents.

The company failed March 5, 1856, and was indebted to the defendant, for a sum larger than the amount of the note sued. The note was transferred to the plaintiff by the indorsement of the Secretary of the company, which, as he testified, was the usual way of transferring such paper.

A question arises, whether or not, by the laws of New York, where the contract was made, the note was legally assigned and transferred to the plaintiff, so as to enable him to maintain an action upon it.

The case finds that by the Revised Statutes of New York, 4th ed., vol. 1, page 1115, part 1, chap. 18, title 2, art. 1, it is provided in § 8, that "no conveyance, assignment or transfer, not authorized by a previous resolution of its board of directors, shall be made by any such corporation of any of its real estate, or of any of its effects exceeding the value of one thousand dollars, but this section shall not apply to the issuing of any promissory notes, or other evidences of debt, by the officers of the company, in the transaction of its ordinary business," and in § 9, — "No such conveyance, assignment or transfer, nor any payment made, judgment suffered, lien created, or security given, by any such corporation, when insolvent, or in contemplation of insolvency, with the intent of giving a preference to any particular creditor over other creditors of the company shall be valid in law." And any person receiving such assignment is held accountable therefor to the creditors of the company. And by § 11, the offence is made a misdemeanor, punishable by fine or impris-

onment. And in § 12, — "Every director shall be deemed to possess such a knowledge of the affairs of his corporation as to enable him to determine whether any act, proceeding or omission of its directors is a violation of the foregoing provisions of this article."

It is obvious that the assignment and transfer of the notes and securities due to the company was not within the meaning of the statute, "the *issuing* of promissory notes, or other evidences of debt, by the officers of the company in the transaction of its ordinary business." The word "*issuing,*" as used in the statute, has no such meaning; a bank *issues* its own notes, not the bills or notes of other banks, which it may own and transfer or pass as currency. By the grant of power to a corporation to issue bills or notes, the power first to make them would be implied. The notes securities and debts, due to an insurance company, constitute its "effects," and the transfer to the plaintiff, of October 19, 1855, was a transfer of the effects of the company, exceeding in amount the value of one thousand dollars. It was, therefore, illegal, unless "authorized by a previous resolution of its board of directors."

It was proved, in the case, by the testimony of the secretary of the company, *that* there was no such vote of the directors; *that,* at the time of the loan and transfer, the company was embarrassed; *that* the intention was to secure the payment of the indebtedness of the plaintiff, independently of their indebtedness or payment to any one else, and *that* the company failed, and were stopped in their business operations by an injunction March 5, 1856, in four and a half months after the assignment and transfer to the plaintiff.

It is plain that the transfer of the notes and securities was made in violation of the eighth section of the statute, and the conclusion cannot well be avoided that, in violation of the ninth section, the transfer was made to the plaintiff, one of the directors, in contemplation of the insolvency of the company, with the intent of giving them a preference over its other creditors.

Whether the defendant, if he had not been a creditor of the company, could have contested the legality of the indorsement, as the company has interposed no claim to the note, is not the question before us. The defendant is a creditor, having a demand which he has a right to set off against his note, if the transfer was illegal and void. The plaintiff, if he could recover, would be liable to the creditors of the company for the amount. The defendant, being one of the creditors, may contest the legality of the transfer, and thus throw the note back into the hands of the company, in order to avail himself of the existing equities between them.

*Plaintiff nonsuit.*

TENNEY, C. J., and CUTTING, GOODENOW, DAVIS, and MAY, J. J., concurred.

*H. P. & L. Deane*, for plaintiff.

*Fessenden & Butler*, for defendants.